UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARLON M. WASHINGTON | CIVIL ACTION NO. 06-cv-2424 |
| VERSUS | JUDGE HICKS |
| WARDEN LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

A Caddo Parish jury convicted Marlon Washington ("Petitioner") of two counts of illegal use of a firearm, one count of aggravated burglary, and one count of attempted aggravated burglary. Petitioner was adjudicated a fourth felony offender, and he received an enhanced sentence of life imprisonment on the illegal use of a weapon conviction. Sentences of 10 or 15 years were given for the other three convictions, to be served concurrently.

Petitioner challenged his multiple offender adjudication on direct appeal, and it was affirmed. State v. Washington, 852 So.2d 1206 (La. App. 2d Cir. 2003), writ denied, 872 So.2d 510 (La. 2004). Petitioner also pursued a post-conviction application in the state courts. He now seeks federal habeas corpus relief with respect to several issues. It is recommended, for the reasons that follow, that the petition be denied.

**Background Facts**

Petitioner and Rosalind Johnson dated, but they separated just prior to the crimes at issue. Petitioner went to Johnson's home armed with at least one firearm. He confronted

Johnson in her yard, and shot her twice. Petitioner then broke through the front door of Johnson's home and shot Johnson's friend, Meuril Sellers. Petitioner returned to Johnson, who had sought shelter in her car, threatened her again, and returned to the house and tried to shoot Sellers again, but his gun did not fire.

Meanwhile, Johnson fled to a next-door neighbor's house and hid. Petitioner followed her to the neighbor's house with the stated purpose of killing Johnson. The neighbor was able to get Petitioner to leave. Petitioner was arrested soon afterwards with several firearms in his possession. Both Johnson and Sellers survived. See State v. Washington, 852 So.2d at 1207-08. Petitioner does not challenge the sufficiency of the evidence to support his firearms and burglary convictions for the crimes committed in this incident, so the facts need not be explored in any greater detail.

**Multiple Offender Finding: Sufficiency of the Evidence**

At the multiple offender hearing, the State presented certified court minutes and the testimony of Deputy Owen McDonnell, who took Petitioner's fingerprints in court and testified that they came from the same person whose fingerprints were on the charging instruments in connection with three prior felonies. The court adjudicated a fourth felony offender. Tr. 390-414.

Petitioner argued on direct appeal that the evidence at the hearing was not sufficient because the minutes of an October 5, 1995 conviction for illegal use of a weapon did not establish that Petitioner was properly advised of his rights under Boykin v. Alabama, 89 S.Ct.

1709 (1969). The minutes from that conviction showed that Petitioner was present in court with counsel, Ross Owen, and the court "informed the defendant of his constitutional rights as per <u>Boykin vs. Alabama</u> (See Court Reporter transcript)." Petitioner argued that there was no transcript in the record of his multiple offender proceeding and that a state court precedent required a greater showing than what was in the minutes.

The state appellate court reviewed the state court proceedings leading up to the multiple offender hearing. They show that Petitioner's counsel filed a motion to quash the multiple offender bill on the grounds that the State could not show that the 1995 guilty plea was properly taken in compliance with <u>Boykin</u>. The State provided some additional (unidentified) discovery, and the defense withdrew the motion to quash. The record was silent as to why. Defense counsel offered no objection or argument on the <u>Boykin</u> issue during the multiple offender hearing.

In <u>State v. Shelton</u>, 621 So. 2d 769 (La. 1993), the Supreme Court of Louisiana adopted a burden-shifting procedure for use in habitual offender proceedings, as permitted by decisions such as <u>Parke v. Raley</u>, 113 S.Ct. 517 (1992). <u>Shelton</u> provides that if the defendant denies the allegations of the multiple offender bill, the burden is on the prosecution to prove (1) the existence of the prior guilty pleas and (2) that the defendant was represented by counsel. If the prosecution meets that burden, the defendant has the burden to produce some affirmative evidence showing of an infringement of his rights or a procedural

irregularity in the taking of the plea. If the defendant does so, the burden of proving the constitutionality of the plea shifts to the State. Shelton, 621 So.2d at 779.

The state appellate court cited Shelton and noted that the prosecution had produced fingerprint evidence that Petitioner was the person who pleaded guilty to the 1995 felony and that he was represented by attorney Ross Owen at the time he entered the plea. That shifted the burden to Petitioner, who produced no affirmative evidence of an irregularity. Thus, the court rejected this argument. State v. Washington, 852 So.2d at 1210-11.

Petitioner presents the same arguments to this court that were unsuccessful on direct appeal. He relies heavily on State v. Jeffers, 623 So.2d 882 (La. App. 2d Cir. 1993), which he urges required the prosecution to present a contemporaneous record of the guilty plea that affirmatively showed a waiver of the Boykin rights. Chief Judge Brown concurred in the decision on Petitioner's direct appeal, noting that the Second Circuit decision in Jeffers was in conflict with the Supreme Court decision in Shelton (which issued at about the same time). That appears to be correct, at least insofar as Petitioner urges that the prosecution at his 2001 hearing was required to present a full transcript to satisfy its initial burden.

Petitioner presents his argument in terms of sufficiency of the evidence, invoking the well known standard of review found in Jackson v. Virginia, 99 S.Ct. 2781 (1979). Petitioner also invokes Boykin. This court may not grant habeas relief under either approach unless the state court's decision was an unreasonable application of clearly established federal law as decided by the Supreme Court. 28 U.S.C. § 2254(d).

The state court's resolution of this issue was quite reasonable based on the record and was not even arguably an unreasonable application of Jackson. There was ample evidence that Petitioner committed the prior felonies and was represented by counsel at his guilty pleas (which he does not contest), and there was no showing by the defense of any improprieties in any plea process. Furthermore, it appears that Petitioner's Boykin argument is foreclosed by Lackawanna County District Attorney v. Coss, 121 S.Ct. 1567 (2001). That decision holds that habeas relief is unavailable to a state prisoner when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the prisoner is no longer in custody. There is an exception if counsel was not appointed in connection with a prior conviction, but the records show that Petitioner was represented by counsel when he pleaded guilty to the prior felonies. No habeas relief is available on this claim.

Petitioner also argues, as he did on direct appeal, that the State did not show that the 10-year "cleansing period" had not lapsed after his 1986 conviction. The state appellate court explained that the term cleansing period was not correct, and that the Louisiana statute made the relevant determination the time that passed between the current conviction and the next previous conviction. Petitioner's "current" convictions were in 2001, and his next previous conviction was in 1995, a period of less than 10 years. As a result, he was properly determined to be a habitual offender, and all of his prior felony convictions (including the 1986 conviction) could be used to determine his status. State v. Washington, 852 So.2d at

1211-12. Petitioner has not offered a single sentence of argument to explain why the appellate court's decision on this state-law issue was erroneous or how it resulted in a decision that was an unreasonable application of clearly established federal law as decided by the Supreme Court. Habeas relief is not available on this claim.

**Multiple Offender Status Decided by Judge**

Petitioner made two arguments in his post-conviction application with respect to his multiple offender charge and enhancement. He first argued that Louisiana law required that the charge be instituted by a grand jury indictment because it subjected him to life imprisonment. The state district court held that the Louisiana law provisions applied only to the substantive crime to which a defendant is initially charged, and not to the institution of an enhanced penalty procedure. Tr. 547-48. The state appellate court denied relief based on the "well-written, well-reasoned ruling" of the district court. Tr. 577. The Supreme Court of Louisiana denied writs without comment. Tr. 601.

Petitioner's arguments based on Louisiana law provisions regarding the requirement of a grand jury indictment in certain kinds of cases lacks merit. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991) . See also Section 2254(d) (requiring violation of clearly established federal law). And the federal Constitution's grand jury provision is not binding on the states. Campbell v. Louisiana, 118 S.Ct. 1419, 1423 (1998); Hurtado v. California, 4 S.Ct. 111 (1884); and Wilkerson v. Whitley, 28 F.3d 498, 502-03

(5th Cir. 1994) (en banc). Thus, habeas relief is not available based on an argument that the multiple offender enhancement was instituted by the district attorney rather than a grand jury, in violation of state law. And, as to the state law argument, Petitioner has not articulated any argument that undermines the state court's decision that the Louisiana law regarding indictments does not apply to mere sentencing enhancement charges. Louisiana courts have been enhancing sentences to life imprisonment based on prior convictions, with no need for an indictment, for decades, but Petitioner has cited no Louisiana authority to support his argument.

Petitioner also argued in his post-conviction application that he was entitled to have a jury, as opposed to a judge, decide his multiple offender status. The state court rejected the argument, noting that the recent Blakely decision cited by Petitioner excluded evidence of prior convictions from the scope of its holding. Tr. 548. That decision is correct. The Supreme Court has held as recently as 2007 that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. U.S., 127 S.Ct. 1586, 1600 n.8 (2007) by citing Almendarez-Torres v. U.S., 118 S.Ct. 1219 (1998). See also U.S. v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007) ("this issue no longer serves as a legitimate basis for appeal"), cert. denied, 128 S.Ct. 872 (2008); and Williams v. Cain, 2008 WL 3363562, *18-19 (E.D. La. 2008) (rejecting this argument in a Louisiana habeas petition). Petitioner is not entitled to relief on this claim.

**Ineffective Assistance of Counsel**

Petitioner argued in his post-conviction application that his trial counsel was ineffective for a number of reasons. Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). Prejudice exists only if there is a reasonable probability that, but for the error, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.

The test for habeas purposes is not whether a petitioner made the showing required under Strickland. The test is whether the State court's decision – that the petitioner did not make the Strickland showing – was so incorrect as to be contrary to, or an objectively unreasonable application of, the standards provided by Strickland's clearly established federal law. Wiggins v. Smith, 123 S.Ct. 2527, 2535 (2003); Williams v. Taylor, 120 S.Ct. 1495 (2000); Henderson v. Quarterman, 460 F.3d 654, 665 (5th Cir. 2006).

Petitioner first urges that counsel was ineffective when she did not object when the trial judge "commented on the evidence" concerning the gun Petitioner used in his crimes.

This argument regards events after the prosecution rested its case and asked that any items of evidence not yet published to the jury be so published. The court stated:

> The State has rested its case at this point and has asked that the rest of the evidence be published to you at this time and we will do that. The sheriff, Mr. Brown, will be [sic] hold the weapons. I know a lot of people don't like to fool with the weapons because of the nature of them. He will hand those around. If you don't want to look at them - - he is securing them and if you want to look at them, you can. I know some of you have weapons and you may want to. They are unloaded. If you don't just tell me and he will go on to the next person. He will do that and he will come around to each of (you) sufficiently with them.

Tr. 347-48.

Petitioner argues that the court's comment that "I know a lot of people don't like to fool with the weapons because of the nature of them" was prejudicial because it suggested to the jury that a firearm's sole purpose is to kill or injure. Petitioner's construction of the court's remarks is not supported by the record. These were routine instructions for a case that involves a firearm as evidence, did not amount to a comment on the evidence, and did not require counsel to object lest she be found constitutionally deficient. The failure of counsel to make meritless objections is not ineffective assistance. Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). And there is certainly no basis to find prejudice. No reasonable person could believe there is any chance Petitioner would have been acquitted if only counsel had leapt from chair and objected to the court's words.

Petitioner next argues that counsel rendered ineffective assistance when she permitted the prosecutor to charge Petitioner as a multiple offender by bill of information rather than grand jury, and to secure the enhancement through a decision by a judge rather than a jury. The state court correctly rejected this claim. As noted above, there is no merit in the arguments that Petitioner would have his counsel make.

Near the end of his memorandum, Petitioner writes that counsel "failed to adequately investigate the case, failed to interview potential witnesses, and, to prepare an adequate, viable defense." He adds that "counsel only called one witness who was impeached by the prosecutor" and "failed to interview Petitioner until the day of trial." This is the entirety of Petitioner's arguments on these points. He offers no supporting facts.

It does not appear that Petitioner exhausted his state court remedies with respect to these arguments by including them with the other ineffective assistance claims raised in his post-conviction application. See Tr. 535-37. Furthermore, the court is not obligated to conduct further proceedings with regard to mere conclusory allegations in a Section 2255 or 2254 application. U.S. v. Edwards, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (collecting cases).

Petitioner has, at times, asserted other grounds of ineffective assistance in his state court filings, but not all of those grounds were briefed in the federal petition. This Report and Recommendation has fairly addressed each of the arguments that were properly briefed in the federal petition. None of the ineffective assistance of counsel or other claims raised in the petition permit the federal court to vacate the convictions or sentences.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**, and that Petitioner's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE